JAMES LINUS GODWIN v.
HARLEYSVILLE MUTUAL CASUALTY COMPANY.

(Filed 18 April, 1962.)

1. **Automobiles § 4; Sales § 3—**

   Where a person pays a sum in cash, executes a conditional sales contract for the balance of the purchase price, and applies for a certificate of title and obtains possession of the vehicle, title to the vehicle passes notwithstanding that the conditional sales contract is not filled out as to the number and amount of installment payments.

2. **Insurance § 57; Evidence § 27—**

   The persons covered by an automobile liability insurance policy must be determined by construction of the policy provisions, and therefore testimony of the purchaser of a car that the dealer told him that he would be covered by the dealer's insurance until the dealer procured insurance for him, is properly excluded.

**3. Insurance § 57—**

A person injured as a result of the negligent operation of an automobile, who has recovered an unsatisfied judgment against the driver of the car, cannot recover against the insurer in a garage liability insurance policy when at the time of the accident title to the car had passed from the dealer to the driver.

APPEAL by plaintiff from *Gwyn, J.,* October 23, 1961 Civil Term of STANLY.

Plaintiff seeks to recover under the provisions of a garage liability insurance policy issued by defendant to Ben Brewer, trading as Brewer Motor Company, hereafter referred to as Brewer.

Plaintiff alleges he, a passenger, sustained personal injuries December 24, 1958, by reason of the negligent operation of a 1953 Mercury by one Paul Jonah Hinson; that the car was then owned by Brewer; that Hinson, as a prospective purchaser thereof, was operating the car with the permission of Brewer; that he recovered a judgment for $11,000.00 in a prior action against Hinson; and that he, as a person insured under the provisions of said policy, is entitled to recover from defendant the amount of said judgment and the additional sum of $1,405.83, to wit, the amount he incurred within one year from the date of accident for necessary medical, surgical, ambulance and hospital expenses.

Answering, defendant alleged, *inter alia,* that Hinson had purchased the 1953 Mercury from Brewer prior to December 24, 1958, and was the owner and in exclusive possession thereof when plaintiff was injured.

At the conclusion of plaintiff's evidence, the court, allowing defendant's motion therefor, entered judgment of involuntary nonsuit. Plaintiff excepted and appealed.

*Ernest H. Morton, Jr., for plaintiff appellant.*
*Carpenter, Webb & Golding for defendant appellee.*

PER CURIAM. Plaintiff's evidence, consisting principally of Hinson's testimony, tends to show Hinson purchased the 1953 Mercury from Brewer on December 18, 1958, at the agreed price of $575.00, payable $150.00 cash and the balance in monthly installments either for twelve months or eighteen months; that Hinson then paid the $150.00 and obtained immediate possession; that, on December 19, 1958, Hinson, who was then eighteen years of age, and also his mother, signed a conditional sales contract as purchaser of the 1953 Mercury, but, pending final arrangements as to financing the unpaid balance, the number and amount of the installment payments were not then

inserted; that Hinson, on December 19, 1958, also signed as purchaser an application for a certificate of title; that Hinson had the exclusive possession and use of the 1953 Mercury from December 18, 1958, until the wreck on December 24, 1958, and continued to use it thereafter; and that, in response to inquiry by the investigating officer on the occasion of the wreck, Hinson asserted his ownership of the 1953 Mercury.

Judge Gwyn was of opinion, and we agree, that, notwithstanding the precise number and amount of the installments covering the balance of the purchase price had not been determined, all the essential elements of the sale by Brewer to Hinson had been completed, and on December 24, 1958, when plaintiff (Hinson's passenger) was injured, Hinson, not Brewer, was the owner as well as the operator of the 1953 Mercury.

Defendant's liability, if any, depends upon the provisions of the policy issued by it to Brewer. Hence, plaintiff's assignment of error directed to the court's exclusion of Hinson's testimony that Brewer told him, in substance, that Hinson would be driving on his (Brewer's) insurance until he procured insurance for Hinson, is without merit.

It is noted that Hinson was the sole defendant in plaintiff's said prior action.

Since plaintiff's evidence is insufficient to support a finding that Brewer was the owner of the 1953 Mercury on December 24, 1958, it is insufficient to support a recovery by plaintiff under the provisions of the garage liability insurance policy issued by defendant to Brewer. Hence, the judgment of involuntary nonsuit is affirmed.

Affirmed.